UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



-PS-O-

GLENN R. MANES,

        Plaintiff,

    -v-

GARY DIEGELMAN, THE DIETRICH LAW FIRM,

        Defendants.

DECISION AND ORDER
10-CV-0368A(Sr)

        Plaintiff, Glenn R. Manes, proceeding *pro se*, has filed a complaint and application to proceed *in forma pauperis*. He also seeks the appointment of counsel. Manes sues both Gary Diegelman, the defendant in Manes' personal injury lawsuit currently pending in New York State Supreme Court, Genesee County, arising out of a collision between Manes' automobile and horses presumably owned by Diegelman, and his attorneys in that lawsuit, The Dietrich Law Firm, alleging attorney malpractice. Plaintiff is not happy with the manner in which his attorneys have handled the state court lawsuit and the offer of settlement made by Diegelman's attorneys. Manes alleges that because Diegelman is an employee of the Genesee County Sheriff's Department he will not be able to obtain a fair result in the personal injury action. A very generous and liberal reading of the complaint herein reveals that Manes is simply attempting to have the claims in the personally injury lawsuit heard in this Court, with a claim of attorney malpractice added.[1] The allegation that

---

[1]Specifically, plaintiff alleges in the "Nature of Suit" section of the court's form complaint that "[t]his is a personal injury claim and also a malpractice claim. In my opinion [I] will never receive justice in state supreme court, Genesee County due to Mr. Diegelman works [sic] for the Genesee Cty. [S]heriff [D]epartment, and has used his 'influence" in conjunction with my attorney . . . to 'cover up' Mr. Diegelman's negligence. . . ." (Docket No. 1, Complaint, ¶ 2C).

Diegelman is an employee of Genesee County and, therefore, there is some form of bias does not transform a state law personal injury claim into a federal claim for which this Court would have subject matter jurisdiction. *See* 28 U.S.C. § § 1331 and 1332. Because plaintiff has met the statutory requirements, his application to proceed as a poor person is granted, 28 U.S.C. § 1915(a), but because there is no basis for subject matter jurisdiction over plaintiff's claims the complaint is dismissed.

## **DISCUSSION**

A U.S. district court is a court of limited jurisdiction, "empowered to act only within the bounds of Article III of the United States Constitution and statutes enacted by Congress stemming therefrom." *W.G. v. Senatore*, 18 F.3d 60, 64 (2d Cir. 1994) (citing *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 173-80, 2 L.Ed. 60 (1803)). The issue of "[f]ederal subject matter jurisdiction may be raised at any time during litigation and must be raised *sua sponte* when there is an indication that jurisdiction is lacking." *Hughes v. Patrolmen's Benevolent Association of the City of New York, Inc.*, 850 F.2d 876, 881 (2d Cir. 1988), *cert. denied* 488 U.S. 967 (1988) (citations omitted). *See also Ashcroft v. Iqbal*, ---U.S.---, 129 S.Ct. 1937, 1945 (2009) ("Subject-matter jursidiction cannot be forfeited or waived and should be considered when fairly in doubt.") (citations omitted).

As noted, the basis for the subject matter jurisdiction of the federal district courts is limited. It is set forth generally in 28 U.S.C. §§ 1331 and 1332. Pursuant to these statutes, a district court's subject matter jurisdiction may be exercised only when a "federal question" is presented, or when the plaintiff and the defendants are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § § 1331, 1332. A plaintiff pursuing relief in a district court must plead facts which bring the claims within the court's subject matter jurisdiction. *See, e.g.,*

*Gray v. Internal Affairs Bureau*, 292 F.Supp.2d 475 (S.D.N.Y. 2003) (citation omitted). A plaintiff's failure to plead facts to bring the claims within the district court's jurisdiction warrants dismissal of the action. *See* Fed.R.Civ.P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative [.]"); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (courts have an independent obligation to examine the basis of their jurisdiction); *Manway Constr. Co., Inc. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir.1983) (noting that courts must dismiss cases *sua sponte* for lack of subject matter jurisdiction).

Plaintiff's claims of personal injury and attorney malpractice are state common law claims that do not come within the purview of either 28 U.S.C. § 1331 (federal question or "arising under" jurisdiction) nor § 1332 (diversity of citizenship jurisdiction). In order to bring a claim under a district court's arising under jurisdiction, a plaintiff must plead a colorable claim arising under the Constitution or laws of the United States. *E.g.*, *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when [ ]he pleads a colorable claim arising under the Constitution or laws of the United States.") (internal quotation marks omitted). The complaint suggests no basis for jurisdiction under § 1331, inasmuch as plaintiff is not suing under the Constitution or laws of the United States.

Where diversity of citizenship is alleged as the basis of jurisdiction under 28 U.S.C. § 1332(a), that diversity must be complete: no plaintiff may be a citizen of any state of which any defendant is a citizen. *E.g.*, *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806). The complaint alleges that plaintiff and both defendants all reside in the State of New York. (Docket No. 1, Complaint, ¶¶ 2B,

3). Accordingly, plaintiff has not plead sufficient facts to bring his claims within this Court's subject matter jurisdiction and, therefore, the complaint must be dismissed. *See Manway Constr. Co., Inc.,* 711 F.2d at 503 (noting that courts must dismiss cases sua sponte for lack of subject matter jurisdiction). Moreover, because there is simply no basis to conclude that plaintiff could establish jurisdiction by way of amendment of the complaint, the Court finds that leave to replead would be futile and should not be granted. *See Canady v. Liberty Mutual Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). *See, e.g., Belcher v. Wells Fargo Bank NA*, Nos. 2023-cv, 09-3617-cv, 2010 WL 1932290, at *1 (2d Cir., May 14, 2010) (Summary Order) (affirming *sua sponte* dismissal of plaintiff's complaint for lack of subject matter jurisdiction).[2]

## CONCLUSION

Plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a). Accordingly, plaintiff's request to proceed *in forma pauperis* is granted and, for the reasons discussed above, the complaint is dismissed with prejudice for lack of subject matter jurisdiction.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[2]Because it appears from the complaint that plailntiff's state court personal injury action is still pending and final judgment has not been entered in that action, the Court does not consider the application of the *Rooker-Feldman* doctrine. *See, e.g., McNamara v. Kaye*, 08-4561, 2009 WL 3377914 (2d Cir. Oct. 20, 2009) (Summary Order) ("Rooker-Feldman only applies when the requested federal court remedy of an alleged injury caused by a state court judgment would require overturning or modifying that state court judgment.) (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005)).

## **ORDER**

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted and his motion for the appointment of counsel is denied;

FURTHER, that the complaint is dismissed with prejudice;

FURTHER, that leave to appeal to the Court of Appeals as a poor person is denied;

FURTHER, that in order to give defendants notice of this Decision and Order dismissing plaintiff's complaint in the event plaintiff serves the defendants with a summons and complaint, the Clerk of the Court shall forward copies of this Decision and Order to defendants Gary Diegelman, 7908 Route 63, Batavia, New York 14020, and The Dietrich Law Firm, 2480 Kensington Avenue, Suite 200, Amherst, New York 14226.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: June 4, 2010
Rochester, New York